RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
6/1/15
yr

a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

**LOUIS VERNON JACKSON**  DOCKET NO. 15-cv-941; SEC. P

**VERSUS**  JUDGE DRELL

**NATCHITOCHES PARISH, ET AL.**  MAGISTRATE JUDGE KIRK

REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed in forma pauperis on March 30, 2015, by pro se Plaintiff Louis Vernon Jackson. Plaintiff is incarcerated at the Natchitoches Parish Detention Center in Natchitoches, Louisiana. He complains that his arrest and subsequent detention are unlawful, and he seeks monetary damages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

*Factual Allegations*

Plaintiff filed four civil suits in this Court in March, 2015, one pursuant to 28 U.S.C. §2241, and three pursuant to 42 U.S.C. §1983. In the above-captioned suit, Plaintiff claims that his arrest was unlawful, as is his continued detention. The claim presented in this suit is the same as Plaintiff's claim in Docket Number 15-cv-923; in both cases, he is challenging the same arrest and detention and same ongoing criminal matter in Natchitoches Parish.

Plaintiff alleges that on May 9, 2014, he was "illegally" arrested "without a warrant, statutory authority or any legal process." [15-cv-923, Doc. #1, p. 4; 15-cv-941, Doc. #1, p.3] However, Plaintiff submitted a copy of the arrest warrant for aggravated rape, dated May 2, 2014, thereby negating his factual allegation. [15-cv-923, Doc. #5, p.17; 15-cv-941, Doc. #1,p.19] Plaintiff alleges that he did not have a probable cause hearing within the time provided by law.

Plaintiff claims that, on July 21, 2014, he was also arrested for aggravated burglary, without a warrant or probable cause. Yet, Plaintiff negates that allegation by providing this Court with a copy of a warrant for his arrest on the charge of aggravated burglary. [15-cv-923, Doc. #5, p.20; 15-cv-941, Doc. #1, p.15]

Plaintiff also claims that there was no warrant for his arrest for a parole violation. However, he provided a copy of a warrant dated May 20, 2014, for Plaintiff's arrest and detention for violating the conditions of his parole. [15-cv-923, Doc. #5, p.8p; 15-cv-941, Doc. #1, p.13]

*Law and Analysis*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. §1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998)(per curiam).

Because he is proceeding in forma pauperis, his complaint is also subject to screening under §1915(e)(2). Both §1915(e)(2)(B) and §1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

"Repetitious litigation of virtually identical causes of action is subject to dismissal ... as malicious." See Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988)(per curiam). A complaint is thus malicious when it "duplicates allegations of another pending federal lawsuit by the same plaintiff" or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation. See Segue v. Carollo, 2015 WL 2089759 (E.D. La. 4/30/15), citing McGill v. Juanita Kraft Postal Serv., No. 3:03-CV-1113-K, 2003 WL 21355439, at * 1-2 (N.D. Tex. June 6, 2003) (Ramirez, M.J.) (quoting Wilson v. Lynaugh, 878 F.2d 846, 850 (5th Cir.1989); Ellis v. American Express Life Ins. Co., 211 F.3d 935, 938 n.1 (5th Cir. 2000)), report & recommendation adopted, 2003 WL 21467745 (N.D. Tex. June 18, 2003) (Kinkeade, J.); accord Parker v. Fort Worth Police Dep't, 980 F.2d 1023, 1026 (5th Cir. 1993)).

Additionally, an in forma pauperis prisoner's civil rights suit is malicious as a matter of law and is subject to dismissal

where the suit raises claims that are duplicative of a prior suit filed by the same prisoner in federal court. See <u>Pittman v. Moore</u>, 980 F.2d 994, 994-95 (5th Cir. 1993); 28 U.S.C. § 1915(e)(2). Because this lawsuit by Plaintiff is duplicative, allowing it to proceed would be "redundant and an impermissible waste of judicial resources." See <u>Moore v. U.S. Marshals Service</u>, 2010 WL 1978938, citing <u>Mayfield v. Collins</u>, 918 F.2d 560, 561-62 (5th Cir. 1990).

Moreover, Plaintiff names as defendants Natchitoches Parish and Warden Dove. However, he has presented no factual allegations of the violation of any constitutional right by either Warden Dove or "Natchitoches Parish."

*Conclusion*

For the forgoing reasons, **IT IS RECOMMENDED** that this prisoner action be **DISMISSED** with prejudice as frivolous and malicious pursuant to 28 U.S.C. §1915(e)(2)(b) and §1915A.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.

Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 31st day of May, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE